UNITED STATES of America
v.
Edward G. BOOZ.
Crim. No. 23398.

United States District Court,
E. D. Pennsylvania.
March 26, 1971.

Louis C. Bechtle, U. S. Atty., John F. Penrose, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Samuel Moonblatt, Berk, Masino & Moonblatt, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

Presently before the Court is defendant's motion for judgment of acquittal or in the alternative for a new trial. Defendant was indicted under 18 U.S.C. § 2113(a) (b) and (d) for robbery of the Dublin branch of the Bucks County Bank & Trust Company on April 18, 1967.

A major element of the Government's case was the fact that defendant was in possession of "bait money", eighteen 20 dollar bills, the serial numbers of which had been recorded by the bank prior to the robbery. Defendant contends that this was the Government's only evidence against him, and, as it was not legally sufficient of itself to establish guilt, the Court should have entered a judgment of

acquittal. In support of this argument, defendant cites United States v. Jones, 418 F.2d 818 (8th Cir. 1969) in which the Court held that the inference from the recent possession of stolen property must in some way be corroborated by other circumstantial factors as to the crime charged to sustain a finding of sufficiency of evidence to sustain a robbery conviction. The Court reasoned that, as Jones' possession of recently stolen money was as consistent to infer guilt of the lesser offense of knowing possession and disposition of money taken from a bank under § 2113(c) as to infer guilt of robbery, corroborating evidence was necessary to substantiate the greater offense.

We believe that in this case, unlike *Jones*, there was sufficient corroborative evidence to sustain a conviction of robbery. In *Jones* the only corroborative evidence to implicate defendant as one of the robbers was the testimony of a witness that defendant was one of three men peering into the bank window on the morning of the robbery. However, six Government witnesses testified that defendant was not one of the two robbers. Nor was there any evidence that defendant was an accessory by aiding and abetting in the commission of the robbery. Consequently, while the jury obviously did not believe defendant's story of innocent possession, there was no evidence to corroborate the inference that he was guilty of bank robbery as opposed to the inference that he was guilty of possessing and disposing of money, knowing it to have been taken from a bank.

In the instant case the following facts were developed to corroborate the guilt inferred from defendant's possession of the bait money. Defendant was a regular depositor at the Dublin bank. At the time of the robbery he owed money on bank loans and was two months delinquent in making payments on one of the loans. He was also delinquent in his mortgage payments. During the two or three weeks prior to the robbery, defendant was seen at the bank with increasing frequency. At least twice he was seen outside the bank approximately twenty minutes before it opened. On one of those occasions he watched through the window as Mr. Worthington, the Assistant Manager of the bank opened the vault. On the day of the robbery the robbers made no inquiry as to who could open the vault. Instead of telling the bank manager, a man of about fifty, to open the vault, they went directly to Mr. Worthington, a man approximately in his mid-twenties and the man whom the defendant had previously seen open the vault. On another occasion prior to the robbery, defendant had inquired of one of the tellers about a missing employee and was told that she was on vacation and would return shortly.

It was further established that after the robbery the getaway car, stolen from one of the bank employees, was left on an old abandoned road, barely visible from the highway and which would be known only to someone familiar with the area. Two witnesses also observed on the day of the robbery another car parked on the side of the highway not far from the getaway car and one witness observed a man wearing a tan raincoat similar to the one worn by one of the robbers inspecting this car. A gray fedora such as was worn by one of the robbers was also found on the scene. Another witness observed a man in a white pickup truck, similar to one owned by defendant, looking around three days after the robbery in the bushes near the place where the second car was parked and the hat found. The license number of the truck, as hurriedly written down by the witness with his finger on the dust of his tractor, does not exactly match defendant's license number. However, it is substantially the same.

We believe that the foregoing evidence, though circumstantial in nature, was more than ample to corroborate the inference drawn from the possession of the bait money and warrant a verdict of guilty. It was on the basis of the *Jones* case that the jury was charged

that mere possession of the bait money, standing alone, was not sufficient to convict defendant of bank robbery and that they must consider whether additional facts indicated that he was guilty. Having rendered a verdict of guilty, the jury obviously considered the other circumstances sufficient to corroborate the evidence of the bait money, and we will not disturb their verdict.

In support of his motion for a new trial, defendant presents two contentions which merit discussion. The first concerns the Court's charge to the jury on the defense of alibi. Defendant argues that the Court's charge gave the jury the idea that the burden is on the defendant to establish his alibi. We disagree. Defendant's alibi defense consisted of his testimony that he was without transportation on the morning of the robbery and the testimony of a business associate that he telephoned defendant at home that morning approximately ten minutes after the estimated time that the robbery was completed. Although counsel for the defendant did not present a point for charge on the defense of alibi, we felt that the best interests of defendant required such a charge. Consequently the jury was charged that if they had a reasonable doubt as to whether defendant was present at the time and place of the commission of the alleged offense, then they should acquit him. Having carefully reviewed the charge, we find that upon elaborating on this point, the Court may have stated it in an ambiguous manner. However, we find that this statement, if error at all, was clearly harmless error and did not prejudice defendant in view of the instruction to the jury, plainly set forth, that if they had a reasonable doubt as to defendant's whereabouts at the time of the robbery they must acquit him.

 The other contention which merits discussion is that the Court erred in permitting the United States Attorney to cross-examine defendant's reputation witnesses as to whether they were aware that defendant had, while in the Air Force in 1953, been convicted of burglary, larceny and receiving stolen goods. This contention is without merit. It is settled law that where a defendant introduces witnesses to prove his good reputation for honesty and truthfulness and for being a law abiding citizen, the prosecution may test the credibility and qualifications of those witnesses by asking whether they had heard of defendant's prior convictions. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). In the instant case, defense counsel who prior to putting his reputation witnesses on the stand objected to any inquiry as to defendant's 1953 conviction, later readily admitted that *Michelson* permitted such inquiry. In fact, defense counsel then preempted this line of questioning and asked his own reputation witnesses whether they were aware of defendant's prior conviction. Furthermore the Court instructed the jury to keep in mind that the question of defendant's prior conviction was to be considered only in evaluating the reputation testimony.

 We also find no impropriety in the fact that defendant's prior conviction occurred eighteen years ago. The jury was carefully instructed to consider that the offense occurred back in 1953. Moreover in *Michelson* the two prior convictions about which reputation witnesses were questioned had occurred twenty and twenty-seven years prior to trial.

 Defendant's final contention is that while the United States Attorney represented that he had a record of defendant's prior conviction no such record was introduced and that questions as to the prior conviction were improper. This contention is also without merit. It was clearly ascertained outside the hearing of the jury that the conviction did in fact occur and was not an attempt by the prosecution to take a "random shot" or ask "a groundless question to waft an unwarranted innuendo into the

jury box." This being the case, there was sufficient basis for the questioning. *Michelson, supra.* We also note that if defense counsel entertained any doubt as to the actuality of the conviction or the prosecution's proof thereof, he could easily have asked to see the record but made no attempt to do so.

For the foregoing reasons, defendant's motion for judgment of acquittal or in the alternative for a new trial is denied.